IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-26,838-02






EX PARTE RAUL FERNANDO BARRON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 88-05-B9947-CR IN THE 242nd DISTRICT COURT


FROM HALE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to twenty-five years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that he is actually innocent based upon newly discovered
evidence. Specifically, the Applicant has included a sworn affidavit from the complainant recanting
her accusations in this case. Applicant has alleged facts that, if true, might entitle him to relief, and
the trial court has not entered findings of fact and conclusions of law. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. 

 The trial court is instructed to hold a live evidentiary hearing in order determine the
credibility of the complainant's recantation and whether this recantation constitutes newly discovered
evidence of innocence. Notice of the hearing and an opportunity to testify shall be given to those
persons who participated in the trial or the investigation and to the complainant's mother. The trial
court shall make findings of fact regarding the circumstances surrounding the complainant's
recantation, including the delay between the trial and the recantation. The trial court shall make
findings of fact as to whether the complainant's recantation is accurate or inaccurate. The trial court
shall specifically weigh the evidence of Applicant's guilt, including all of the testimony at trial,
against the new evidence of innocence. See Ex parte Tuley, 109 S.W.3d 388, 393 (Tex. Crim. App.
2002). The trial court shall enter findings of fact as to the credibility of each witness and as to
whether Applicant is actually innocent of the offense. 

 The record reflects that Applicant is currently represented by counsel. However, if Applicant
is no longer represented by counsel, and if Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 This application will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: February 5, 2014

Do not publish